108 F.3d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Vincent ZANKICH, Plaintiff-Appellant,
v.
Renato SANTOS, Dr., individually and in his official
capacity as Radiologist at Maricopa Medical Center; William
Kreisle, Dr., individually and in his official capacity as
Oncologist, Maricopa Medical Center, Defendants-Appellees.
 No. 96-15530.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 18, 1996.*
Decided March 17, 1997.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Vincent Zankich, an Arizona state prisoner, filed this suit under 42 U.S.C. § 1983, alleging that defendant physicians, Doctors Santos and Kreisle, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The District Court granted summary judgment in favor of defendants. We affirm.
 
 I.
 BACKGROUND
 
 3
 James Vincent Zankich is presently incarcerated at the Arizona State Prison complex in Florence, Arizona. On July 19, 1991, while incarcerated at Maricopa County's Madison Street Jail, Zankich had a routine physical examination, which indicated that he suffered from chronic lymphocytic leukemia. Shortly thereafter, defendant Dr. William H. Kreisle, a hematology oncology specialist at the Maricopa Medical Center ("MMC"), examined Zankich and concurred with the leukemia diagnosis. Dr. Kreisle treated Zankich on a regular basis from July 1991, until December 1994, when Dr. Kreisle left his position with the MMC.
 
 
 4
 On March 17, 1993, Dr. Kreisle ordered chest X-rays for Zankich to determine if his leukemia was advancing. Defendant Dr. Renato Santos, a radiologist with the MMC, reviewed Zankich's X-rays and wrote a brief report in which he noted "[a]therosclerosis of the thoracic aorta and degenerative changes of the dorsal spine." Dr. Santos also noted a "[s]omewhat elevated left hemidiaphragm." Without receiving a copy of Dr. Santos' report, Dr. Kreisle studied the X-rays himself and determined that the leukemia was not advancing. On April 2, 1993, Dr. Kreisle met with Zankich to discuss the results of the X-rays. He explained that the leukemia was not advancing, but did not discuss any other aspects of the X-rays. In particular, he did not mention Dr. Santos' findings related to atherosclerosis, degenerative changes of the dorsal spine, and an elevated hemidiaphragm.
 
 
 5
 On May 6, 1993, in response to Zankich's request, MMC provided him a copy of his medical records. Upon reviewing those records, Zankich discovered Dr. Santos' report concerning the March 17 X-rays. Until that time, Zankich alleges, he was unaware that he had atherosclerosis, degenerative changes of the dorsal spine, or an elevated hemidiaphragm.
 
 
 6
 On May 2, 1994, Zankich filed a 42 U.S.C. § 1983 civil rights complaint. In his second amended complaint, Zankich claimed an Eighth Amendment violation, alleging that Drs. Santos and Kreisle had been deliberately indifferent to his serious medical needs by failing to inform him that he suffered from atherosclerosis, degenerative changes of the spine, and an elevated hemidiaphragm. Zankich requested $4.2 million in monetary damages. The district court granted summary judgment in favor of defendants.
 
 II.
 ANALYSIS
 
 7
 We review a district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). The moving party has the initial burden to present evidence showing "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of "furnish[ing] affidavits containing admissible evidence tending to show the existence of a genuine dispute of material fact." Pelletier v. Fed. Home Loan Bank of San Francisco, 968 F.2d 865, 872 (9th Cir.1992) (emphasis added).
 
 
 8
 To state an Eighth Amendment claim for "deliberate indifference to serious medical needs" under Estelle v. Gamble, 429 U.S. 97, 104 (1976), a prisoner must show both: (a) that the deprivation is objectively serious; and (b) that prison authorities and/or medical personnel had a culpable state of mind, described as "deliberate indifference." Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994).
 
 
 9
 In the present case, there is no question that Zankich's leukemia constitutes a "serious medical need." Estelle, 429 U.S. at 104. However, Zankich's Eighth Amendment claims do not relate to his leukemia; he concedes that he has received effective medical treatment for that disease. Rather, Zankich's claims relate to three other medical conditions--atherosclerosis, degenerative changes of the spine, and an elevated hemidiaphragm.
 
 
 10
 Defendants have met their initial burden of presenting evidence showing that there is no genuine issue of material fact, because the three conditions that form the basis of Zankich's complaint are not "serious medical needs." In particular, Dr. Kreisle has stated the following in a sworn affidavit:
 
 
 11
 In Mr. Zankich's case all of the findings [in Dr. Santos' report] are inconsequential and require no further medical assessment or intervention. Atherosclerosis of the aorta and degenerative changes of the spine are frequent findings in the chest x-rays of a man of Mr. Zankich's age--and simply put are both signs of the aging process. The elevated left hemidiaphragm is due to his enlarged spleen, which has been well documented in the records and is a result of his leukemia.
 
 
 12
 Dr. Kreisle's affidavit also states that the conditions that form the basis of Zankich's complaint "require no intervention, treatment, or follow-up." Finally, Dr. Kreisle's affidavit states that "I am fully capable of evaluating any negative result [Zankich] has suffered from any of the findings that are at issue in this matter, and my educated medical opinion is that there have been none."
 
 
 13
 To survive defendants' motion for summary judgment, Zankich is required to present some admissible evidence tending to show that the conditions that form the basis of his complaint are objectively serious. Farmer, 114 S.Ct. at 1977. Zankich has failed to satisfy that burden. Although he repeatedly alleges that he has "serious medical needs," Zankich has not offered any admissible evidence to controvert Dr. Kreisle's expert opinion that the medical conditions at issue are "inconsequential and require no further medical assessment or intervention." Specifically, Zankich has failed to provide any affidavit or deposition testimony from any competent medical expert who disagrees with Dr. Kreisle's assessment.
 
 
 14
 In support of his position, Zankich has quoted extensively from the "Merck Physician's Medical Manual," a respected treatise on medical issues. Zankich claims that the statements he quotes from the Merck Manual controvert Dr. Kreisle's expert opinion, and establish a genuine issue of material fact as to the seriousness of the medical conditions at issue in this case. But under the Federal Rules of Evidence, statements contained in published treatises are inadmissible hearsay, unless those statements are "called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination." Fed.R.Evid. 803(18).
 
 
 15
 Therefore, Zankich has failed to satisfy his burden of presenting admissible evidence tending to show that the medical conditions of which he complains are objectively serious. In light of that failure, we need not reach the question of whether defendants had a culpable state of mind that could be considered "deliberate indifference."
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3